LANE *et al. v.* NEWTON *et al.*

HILL, J. 1. If a husband is indebted to his wife, and an action for the collection of the debt is barred by the statute of limitations, it can not be declared as matter of law that such debt furnishes no consideration for a conveyance of land by the husband to his wife, and that if he is thereby rendered insolvent the conveyance is not good as against other creditors, thus in effect declaring that such a conveyance would not be one based on a valuable consideration, but a voluntary conveyance. A debt, although an action to recover it may be barred by the statute of limitations, is not extinguished. It may be lawfully paid in money or by a conveyance, unless this be done with the intention to delay or defraud creditors and the grantee be chargeable with notice of such intent; but whether such conveyance is made bona fide in payment of an indebtedness, or whether it is made for the purpose of delaying or defrauding creditors, and whether the grantee takes with notice or reasonable ground for suspicion, are questions for a jury. In determining the question of whether such a conveyance is fraudulent, the fact that a suit to recover the debt due by the husband to the wife, if it existed, was barred by the statute of limitations is a circumstance which may be considered by the jury with the other evidence. *Strickland* v. *Jones*, 131 *Ga.* 409 (62 S. E. 322).

(a) The charge on this subject in effect instructed the jury that such a conveyance, based on such a consideration, would not be good as against other creditors. Moreover, the charge on that subject referring to the statute of limitations applicable to various forms of contracts, including contracts under seal, and the suspension of the statute, was not aptly adjusted to the pleadings and evidence.

2. On the subject of the rights of pre-existing and subsequent creditors to take a conveyance made by a husband to his wife, which was contended on the one hand to be a deed based on a valuable consideration, and on the other to be a voluntary deed without consideration, the court in his charge did not follow the ruling made in the case of *First National Bank of Cartersville* v. *Bayless*, 96 *Ga.* 684 (23 S. E. 851), or that made when the present case was formerly before the Supreme Court. *Lane* v. *Newton*, 140 *Ga.* 415 (5), 423 (78 S. E. 1082).

(a) A request has been made to review and modify the ruling made in the *Bayless* case, supra; but that case was decided by the entire bench of three Justices, as it was then constituted, and was followed in the former decision by this court in the present case, and a reversal was granted in part because of the ruling there made, although it was criticised to some extent. Without determining how far the doctrine of the law of the case arising from a previous decision affects a review and modification of the case cited at this time, we decline to review and modify that decision in the present case.

(b) It follows from what has been ruled above that the judgment of the trial court must be reversed.

3. While some of the other grounds of the motion complain of charges which were not clearly and aptly expressed, two of them (the 5th and 12th grounds) were not approved by the presiding judge. The other grounds do not present reversible error for the reasons assigned in them. As a new trial must be granted, such inaccuracies in expression as may have occurred in the charge will doubtless be corrected.

*Judgment reversed. By five Justices, all concurring.*
SEPTEMBER 13, 1916.

Equitable petition. Before Judge Walker. Jenkins superior court. July 19, 1915.

*R. P. Jones,* for plaintiffs in error.

*Brinson & Hatcher* and *William Woodrum,* contra.