DICKSON *et al. v.* CITIZENS BANK & TRUST COMPANY.

No. 11772. MAY 14, 1937.

*E. T. Moon* and *Corbitt & Sumner,* for plaintiffs in error.
*Lovejoy & Mayer* and *Morrow & Bruce,* contra.

BELL, Justice. A bank, after obtaining a judgment against a debtor by note, filed a suit in equity to cancel a deed made by the debtor to his children, two sons and a daughter, as having been made to hinder and defraud the plaintiff as a creditor. The jury found in favor of the plaintiff, and the defendants excepted to the overruling of their motion for a new trial. The evidence tended to show that the deed was executed a few weeks after the maturity of the debt and demand for payment, and that the debtor did not retain in his own name sufficient property to satisfy the debt; also that he remained in possession of the property until his death pending the present action, and that for several years he returned it for taxation in his own name. The grantees contended that

the deed was made to them in part payment of an indebtedness owing to them by their father, the grantor, and that he remained in possession as their agent. The evidence was sufficient to authorize the inference that one of the grantees represented the others in this adjustment with their father, and knew of the indebtedness to the bank at the time the deed was executed. The other grantees testified that they had no knowledge of this indebtedness, and all of them insisted that the deed was valid as a bona fide preference of them as creditors. After the death of the grantor, a duly appointed administrator of his estate was made a party defendant in his stead. The motion for new trial contained the general grounds and four special grounds added by amendment, the nature of the special grounds being sufficiently indicated in the headnotes. The evidence authorized the verdict, and the court did not err in refusing a new trial. The rulings stated in the headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur, except Jenkins, J., disqualified.*