## 30069. McMILLAN v. SASSER.

HILL, Justice.

In this dispossessory proceeding, the plaintiff obtained his deed to the property from his cousin, defendant's former husband. The deed allegedly was given in discharge of a pre-existing debt incurred in April, 1971, on which no payments had been made.

The husband-grantor had been in prison about a year when the deed was executed on December 25, 1973. The defendant's suit for divorce had been filed in September, 1973, and both grantor and grantee were aware of its pendency. Defendant, unaware of the alleged debt until after the deed to plaintiff was executed, was subsequently awarded the property in question as alimony.

In this dispossessory action, the jury found in favor of the former wife. Plaintiff appeals, enumerating as error

that the evidence was not sufficient to sustain the verdict.

In *Lewis v. Lewis*, 210 Ga. 330, 332 (80 SE2d 312), the court held: "The question as to whether the deed was executed by the grantor with intention to delay or defraud his wife in the collection of alimony and such intention was known to the grantee, or whether the transaction was a bona fide one upon a valuable consideration and without notice or ground for reasonable suspicion, is ordinarily one for determination by a jury."

The evidence in the case before us was sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1975 — DECIDED SEPTEMBER 11, 1975.

*R. H. Reeves, III,* for appellant.
*Allen, Edenfield, Brown & Franklin, Francis W. Allen, Charles H. Brown,* for appellee.