69976. DAVIS et al. v. DAVIDSON et al.
(333 SE2d 648)

McMURRAY, Presiding Judge.

Plaintiffs, the owners of certain timberlands, entered into a contract with defendants whereby the defendants would cut and purchase certain pulpwood from the properties of plaintiffs. Following execution of the agreement, plaintiffs filed this action against defendants seeking damages for violations of the agreement. Plaintiffs alleged that sawtimber and hardwood were cut in violation of the agreement and sought recovery of the value of the timber wrongfully cut. Also plaintiffs sought further damages predicated on allegations that defendants damaged the property of plaintiffs by cutting roads, damaging small growing timber and causing erosion of the land.

Defendants were permitted to bring in a third-party defendant whom they alleged was an independent contractor with whom they had contracted to thin the pulpwood from plaintiffs' properties. De-

fendants further alleged that the third-party defendant had cut the unmarked timber and had done unauthorized damage to the real estate owned by plaintiffs.

Upon the trial of the case the jury returned a verdict in favor of plaintiffs against defendants for the value of the timber plus an additional sum of $14,000 for damages to plaintiffs' lands. Additionally, the jury found in favor of the third-party defendant. Defendants appeal. *Held*:

1. Defendants contend that the trial court erred in permitting the plaintiff to receive a verdict and judgment for both the value of the timber and damage to realty. This contention appears to be predicated primarily upon language in *Milltown Lumber Co. v. Carter*, 5 Ga. App. 344, 348 (63 SE 270), stating that "the obtaining of satisfaction by any one of these [alternative] remedies precludes further proceedings upon the cause of action." This language is an expression of the general rule that double recovery of the amount of damages is not permitted. See *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 345 (1) (173 SE2d 723); *Malone v. City of Rossville*, 107 Ga. App. 271, 272 (1) (129 SE2d 563). In the case sub judice, the judgment for the value of the timber cut without authorization and the judgment for damage to the realty arose from separate injuries.

It is true that in an action (in trover) for the value of timber cut from the land and not for damages to the land, there is no error in refusing to allow evidence as to how much the land has been damaged. *Coody v. Gress Lumber Co.*, 82 Ga. 793, 800 (4) (10 SE 218); *Milltown Lumber Co. v. Carter*, 5 Ga. App. 344, 349, supra, disapproved on other grounds in *Minor v. Fincher*, 206 Ga. 721, 733 (6) (58 SE2d 389). However, we find nothing in this rule to prohibit recovery for both the value of the timber cut and also for incidental injury to the realty (where there is injury to the realty separate and apart from the mere removal of the timber). This enumeration of error is without merit. See in this regard *Rowland v. Gardner*, 79 Ga. App. 153 (53 SE2d 198); *Porter v. Rucker*, 88 Ga. App. 486 (76 SE2d 842).

2. Defendants contend that the jury verdict awarding damages for injury to the realty was unsupported by any evidence. Defendants argue that the evidence does not distinguish between damage to the realty necessarily incident to the authorized pulpwood thinning and the damage caused by the unauthorized activities. However, considering all of the evidence together we cannot agree. The independent contractor testified that he was instructed to thin the pulpwood along the roads but to clearcut the remainder. Photographs were introduced into evidence which permitted the jury to determine which portion of the damage to the realty was associated with pulpwood thinning as opposed to the unauthorized clear cutting. Also there was other evidence questioning the need for the heavy equipment and logging

roads, which caused much of the damage to the realty, merely for purposes of thinning pulpwood. This enumeration of error is without merit.

3. Defendants contend the trial court erred in requiring them to share peremptory jury strikes with the third-party defendant. However, no objection to this procedure was submitted by defendants to the trial court until after the trial of the case and the charge to the jury. "[It] is the general rule that, in order to preserve a point of error for the consideration of an appellate court, counsel must take exception to the alleged error at the earliest possible opportunity in the progress of the case by a proper objection made a part of the record." *Nashville, Chattanooga &c. R. v. Ham*, 78 Ga. App. 403, 408 (50 SE2d 831). See also *Georgia Power Co. v. Bishop*, 162 Ga. App. 122, 126 (7) (290 SE2d 328). Defendants' failure to object promptly constitutes a waiver.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JULY 3, 1985 —
REHEARING DENIED JULY 12, 1985.

*Robert W. Adamson, John E. Stell, Jr.*, for appellants.
*Sam S. Harben, Jr., Bradford Morris, Jr.*, for appellees.