## A00A0969. CLARK v. THE STATE.
(542 SE2d 588)

PHIPPS, Judge.

Harvey Clark appeals his convictions for driving under the influence and driving on the wrong side of the road. He contends the trial court erred in failing to dismiss for cause a juror who was being represented in a divorce action by the law office of the part-time county solicitor. The solicitor did not participate in the trial of Clark's case. Under the circumstances of this case, we find no manifest abuse of the trial court's discretion and affirm.

" 'Whether to strike a juror for cause is within the discretion of the trial court and the trial court's rulings are proper absent some manifest abuse of discretion.' [Cit.]"[1]

> Before a juror is excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. [Cits.][2]

" 'A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference.' [Cit.]"[3]

Under OCGA § 15-12-135 (a),

> All trial jurors in the courts of this state shall be disqualified to act or serve in any case or matter when such jurors are related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree as computed according to the civil law. Relationship more remote shall not be a disqualification.[4]

Georgia courts have also held that, "to preserve public respect for the integrity of the judicial process," full-time law enforcement officers and employees of the prosecutor's office must be automatically disqualified for cause when a timely challenge is posed.[5] The Supreme Court of Georgia has expressly refused to extend the automatic dis-

---

[1] *Nance v. State*, 272 Ga. 217, 222 (6) (526 SE2d 560) (2000).

[2] *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000).

[3] *Marneigh v. State*, 242 Ga. App. 735, 741 (6) (531 SE2d 152) (2000).

[4] See also OCGA § 15-12-163 (b) (4) (the near kin of the prosecutor shall be dismissed for cause).

[5] *Beam v. State*, 260 Ga. 784, 786 (2) (400 SE2d 327) (1991); see *Hutcheson v. State*, 246 Ga. 13-14 (1) (268 SE2d 643) (1980); compare *Scruggs v. State*, 227 Ga. App. 35 (488 SE2d 110) (1997).

qualification rule to those less connected with law enforcement than full-time police officers.[6]

In *Cohen v. Baxter*,[7] the court approved the trial court's refusal to automatically disqualify for cause a juror who was an ongoing patient of the defendant in a medical malpractice action. The Court explained:

> Trial courts are often faced with jurors who have close relationships with parties in both civil and criminal cases. We have confidence that trial courts can ascertain whether a juror is partial because of a doctor-patient relationship with a defendant just as well as the trial court can determine bias arising from other sources. A per se rule cuts too broadly and is inconsistent with the traditional discretion given trial courts in this area. Furthermore, there are various close and confidential relationships that a juror may have with a party and the establishment of a per se rule to the doctor-patient relationship will open the door to the expansion of the per se rule to these other numerous categories. Finally, a per se rule may render it extremely difficult to obtain a full panel for a medical malpractice trial in some rural counties.[8]

Given these guidelines, we find that the trial court was not compelled to automatically disqualify the juror for cause because he was a client of the law office of the solicitor.

The issue then becomes whether the trial court should have exercised its discretion to remove the juror. The test is whether the juror held an opinion of Clark's guilt or innocence that was so fixed and definite that he would not be able to set it aside and decide the case based upon the evidence or the court's charge upon the evidence.[9] "The law presumes that potential jurors are impartial."[10] And the challenger bears the burden of rebutting the presumption.[11] We inquire whether the record as a whole supports the trial court's qualification of the juror.[12]

Here, the defense asked during voir dire whether any members of the jury venire knew the solicitor. John Cook responded, "He was my lawyer." He explained that although he had spoken to the solici-

---

[6] See *Floyd v. State*, 272 Ga. 65, 67 (2) (525 SE2d 683) (2000) and cit.

[7] 267 Ga. 422 (479 SE2d 746) (1997).

[8] Id. at 423-424 (1).

[9] *Somchith*, supra.

[10] *Cohen*, supra at 424 (2); see also *Mooney v. State*, 243 Ga. 373, 388 (2) (254 SE2d 337) (1979).

[11] Id.

[12] *Nance*, supra at 222.

tor about his pending divorce action, now the solicitor's law firm, not the solicitor personally, was actually representing him.[13] The defense moved to strike Cook for cause. Through further voir dire, the State elicited that he knew the solicitor only on a professional basis and did not know before jury selection that he had any connection to the trial. He stated that his dealings with the solicitor would have "no bearing . . . at all" on his consideration of the case and that he could be fair and impartial. Although a juror's opinion of his qualification is not determinative,[14] the record supports the trial court's decision to overrule Clark's motion to strike Cook for cause.

Contrary to Clark's argument, we also find that the trial court was not required to make a factual determination regarding Cook's impartiality. Such a determination is required only when the prospective juror has a "compelling interest or bias in the case."[15] *Lively v. State*[16] provides the seminal example in that regard. There, the prospective juror was listed on the State's witness list and might be called in rebuttal. He knew the victim, who had been shot to death. He had been the victim's employer, had counseled her regarding her erratic relationship with the defendant, had spoken with the defendant about the relationship, and had been a pallbearer at the victim's funeral.

Voir dire did not show that Cook had a similarly compelling interest or bias in this case. Thus, we find that the court did not err in failing to make a specific factual determination regarding Cook's impartiality.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 20, 2000.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Larkin M. Lee,* for appellant.

*L. Jack Kirby, Solicitor, Marla P. Chambless, Assistant Solicitor,* for appellee.

---

[13] Kirby appears to concede in his brief filed on behalf of the State that he was representing Cook in the divorce matter.

[14] See *Lively v. State*, 262 Ga. 510, 511 (1) (421 SE2d 528) (1992).

[15] *Garland v. State*, 263 Ga. 495, 497 (1) (435 SE2d 431) (1993); *Matthews v. State*, 268 Ga. 798, 800 (2) (493 SE2d 136) (1997).

[16] Supra.