S06F0927. MOORE v. MOORE et al.
S06F0928. MINSHEW v. MOORE et al.
S06F0929. MOORE v. CRISP FARMS, INC. et al.
S06F0930. CRISP FARMS, INC. v. MOORE et al.
(635 SE2d 107)

CARLEY, Justice.

In 2003, Anthony Keith Moore (Husband) brought this divorce action against Anne Gibbs Moore (Wife), who filed an answer and counterclaim for divorce. Wife later moved to add Crisp Farms, Inc. and Amy K. Minshew as third-party defendants, and to file an amended answer and counterclaim setting forth claims of fraudulent conveyance and conversion against them. The trial court granted that motion, and subsequently realigned the parties, making Wife the plaintiff and the remaining three parties defendants, and declining to award any additional jury strikes. The trial court also denied the third-party defendants' motions for summary judgment and Ms. Minshew's motion for separate trial.

At trial, Crisp Farms moved for a directed verdict, which the trial court granted. The jury made findings with regard to alimony and equitable division of property, found that Husband made fraudulent conveyances to Ms. Minshew, and awarded Wife $28,733.50 against her. The trial court entered a final judgment of divorce on the jury's verdict. In Case Numbers S06F0927 and S06F0928, Husband and Ms. Minshew, respectively, appeal pursuant to the grant of their applications for discretionary appeal under this Court's Pilot Project for divorce cases. Wife and Crisp Farms cross-appeal in Case Numbers S06F0929 and S06F0930, respectively.

*Case Number S06F0927*

1. Husband contends that the trial court erred by realigning the parties so as to change his status from plaintiff to defendant.

Pursuant to OCGA § 9-11-21, " 'at any stage of the action and on such terms as are just,' " a trial court has the discretion to realign parties, as by changing the status of a party from defendant to plaintiff. *Cawthon v. Waco Fire & Casualty Ins. Co.*, 259 Ga. 632, 633 (386 SE2d 32) (1989). See also *Naimat v. Shelbyville Bottling Co.*, 240 Ga. App. 693, 694 (1) (524 SE2d 749) (1999). With regard to the converse, if there are not any viable claims pending against a plaintiff, assigning him the role of a defendant would not generally be appropriate, except perhaps in rare cases involving complex litigation. Otherwise, such a party "would bear the burden of proof cast upon a plaintiff without being afforded the concomitant rights that balance that burden: making the first opening statement, presenting its case-in-chief first, and opening and closing argument." *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 642 (8) (466 SE2d 872) (1995).

Husband argues that the trial court's realignment order deprived him of these rights. As the trial court stated, however, both parties sought a divorce and equitable division of marital assets, but Wife made additional claims and had the burden of proof regarding alimony, adultery, attorney's fees, and fraudulent transfers. Thus, Wife had a significantly heavier burden of proof than did Husband. The procedural rights which a plaintiff typically exercises at trial, including the important right to opening and concluding arguments, actually belong to whichever party bears the burden of proof. These rights are neither allocated on the basis of the denomination of the parties, nor logically conferred upon a defendant only when he bears the entire burden of proof. This analysis is confirmed by the language of statutory and case law in Georgia. " ' "The party on whom the burden of proof rests has the right to open and conclude the cause before the jury." ' [Cit.]" *Hussey v. Hussey*, 273 Ga. 735, 736 (1) (545 SE2d 880) (2001). See also OCGA § 9-10-186.

Therefore, we conclude that a trial court has the discretion to realign a plaintiff as a defendant where, as here, an opposing party with legitimate claims has a more extensive burden of proof. If, on appeal, certain claims or parties are eliminated or reinstated, then realignment can be reconsidered on remand. *William Goldberg & Co. v. Cohen*, supra.

2. Husband urges that the trial court erroneously granted Wife's motion to add Crisp Farms as a third-party defendant, because in this case, unlike *Gardner v. Gardner*, 276 Ga. 189, 191 (1) (576 SE2d 857) (2003), there were not any marital assets to be ferreted out of the

corporation. However, where, as here, one party to a divorce proceeding alleges that fraudulent conveyances of property were employed to defeat that party's rights, joinder of additional parties involved in the alleged fraud is proper in order to facilitate a complete resolution of the issues. *DeGarmo v. DeGarmo*, 269 Ga. 480, 481 (2) (499 SE2d 317) (1998). Compare *Searcy v. Searcy*, 280 Ga. 311, 312-313 (2) (627 SE2d 572) (2006). Husband's argument that he was harmed by having to share peremptory strikes with Crisp Farms could be relevant only as part of a harmless error analysis, which obviously is unnecessary in light of our holding above. Compare *Kraft General Foods v. Maxwell*, 219 Ga. App. 211, 213 (2) (464 SE2d 639) (1995) (where Court of Appeals based its resolution of similar enumeration not on error vel non, but rather on one defendant's failure to allege any harm from trial court's addition of another defendant).

3. Husband enumerates as error the denial of Crisp Farms' motion for summary judgment. However, Husband does not have standing to complain of this ruling as to another party's motion. See *Management Compensation Group/Southeast v. United Security Employee Programs*, 194 Ga. App. 99, 103 (3) (389 SE2d 525) (1989); *Saunders v. Vikers*, 116 Ga. App. 733, 734 (1) (158 SE2d 324) (1967). Moreover, "direction of a verdict, where affirmed, renders the denial of summary judgment moot. [Cit.]" *Mitchell v. Backus Cadillac-Pontiac*, 274 Ga. App. 330, 339 (7) (618 SE2d 87) (2005). As we are reviewing the direction of a verdict in favor of Crisp Farms in Division 9 below, "if the evidence supports the findings of the trial judge in directing the verdict and granting judgment for [Crisp Farms], the issue as to the denial of [its] motion for summary judgment becomes moot." *Gosnell v. Waldrip*, 158 Ga. App. 685, 686 (1) (282 SE2d 168) (1981).

This conclusion is not altered by the fact that Husband would not have been required to share peremptory challenges with Crisp Farms if its motion for summary judgment had been granted. It is not the denial of that motion, but rather the trial court's decision declining to award additional peremptory strikes, which prevented Husband from gaining the sole right to exercise all six strikes to which each side is ordinarily entitled. See *Naimat v. Shelbyville Bottling Co.*, supra; *Keller Indus. v. Summers Roofing Co.*, 179 Ga. App. 288, 290 (1) (346 SE2d 99) (1986). The trial court apparently addressed the issue of additional peremptory challenges sua sponte, and Husband has not identified any portion of the record showing that he ever objected specifically to the number of strikes. *Norris v. State*, 250 Ga. 38, 39 (1) (295 SE2d 321) (1982); *Davis v. Davidson*, 175 Ga. App. 451, 453 (3) (333 SE2d 648) (1985). In any event, Husband fails to enumerate the trial court's decision not to award additional peremptory strikes.

4. Husband also contends that the trial court erred in denying his motion to strike for cause a prospective juror who is a client of Wife's attorney in an ongoing litigated matter.

We have been reluctant to extend the automatic disqualification rules for jurors beyond the statutorily prohibited relationships and, in criminal cases, full-time law enforcement officers and employees of the prosecutor's office. *Floyd v. State*, 272 Ga. 65, 67 (2) (525 SE2d 683) (2000); *Clark v. State*, 246 Ga. App. 842-843 (542 SE2d 588) (2000). Thus, a member of the jury panel who is a current patient of the defendant in a medical malpractice action is not automatically disqualified. *Cohen v. Baxter*, 267 Ga. 422, 423 (1) (479 SE2d 746) (1997). The rationale of *Cohen* is applicable here:

> Trial courts are often faced with jurors who have close relationships with parties in both civil and criminal cases. We have confidence that trial courts can ascertain whether a juror is partial because of a [lawyer-client] relationship with [one party's attorney] just as well as the trial court can determine bias arising from other sources. A per se rule cuts too broadly and is inconsistent with the traditional discretion given trial courts in this area. Furthermore, there are various close and confidential relationships that a juror may have with a party [or attorney] and the establishment of a per se rule to the [lawyer-client] relationship will open the door to the expansion of the per se rule to these other numerous categories. Finally, a [broader] per se rule may render it extremely difficult to obtain a full panel . . . in some rural counties.

*Cohen v. Baxter*, supra. See also *Clark v. State*, supra at 843 (prospective juror currently represented by the solicitor-general's law firm not automatically disqualified). Compare *Crumpton v. Kelly*, 185 Ga. App. 245, 246 (1) (363 SE2d 799) (1987) (disqualification because of business relationship where prospective juror was not a client or patient, but rather was the attorney for governmental entity which created one of the parties).

Accordingly, Husband had the burden of rebutting the presumption of impartiality, by showing that the prospective juror held an opinion so fixed and definite that he would be unable to set it aside and to decide the case based upon the evidence and the trial court's instructions. *Elliott v. Home Depot U.S.A.*, 275 Ga. App. 865, 867 (2) (622 SE2d 77) (2005); *Clark v. State*, supra. The transcript reveals that Husband completely failed to meet that burden.

*Case Number S06F0928*

5. Ms. Minshew complains that the trial court added her as a party. However, that decision was authorized for the same reason as was the joinder of Crisp Farms. *DeGarmo v. DeGarmo*, supra.

6. The denial of Ms. Minshew's motion for summary judgment is enumerated as error. However, " ' "[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." (Cit.)' [Cit.]" *Kicklighter v. Woodward*, 267 Ga. 157, 162 (4) (476 SE2d 248) (1996).

7. Ms. Minshew further contends that the trial court abused its discretion in realigning the parties so that she, who was originally a third-party defendant, became a defendant along with Husband. Ms. Minshew's argument regarding realignment is identical to Husband's, which is disposed of in Division 1 above. Having no burden of proof, she was without question properly aligned on the defendants' side.

8. Ms. Minshew urges that the trial court abused its discretion in denying her motion for a separate trial for the purpose of avoiding prejudice from the appearance of an alleged adulterer and his paramour at the divorce trial together.

" '[S]everance of issues for trial pursuant to OCGA § 9-11-42 (b) is generally within the discretion of the trial judge and will not be reversed on appeal absent clear and manifest abuse of that discretion. (Cit.)' [Cit.]" *Troutman v. B.C.B. Co.*, 209 Ga. App. 166, 167 (1) (433 SE2d 73) (1993). See also *Vitner v. Funk*, 182 Ga. App. 39, 40 (1) (354 SE2d 666) (1987). Ms. Minshew cannot demonstrate the requisite harm by showing prejudice to another defendant, in this case Husband. *Troutman v. B.C.B. Co.*, supra. Furthermore, she herself was not prejudiced by the joint trial if the fact of her affair with Husband would be admissible even at a separate trial.

Evidence of a close relationship is relevant in determining the level of scrutiny to which an alleged fraudulent conveyance must be subjected. *S.T. & W.A. Dewees Co. v. Paul B. Carter & Co.*, 190 Ga. 68, 72 (1) (8 SE2d 376) (1940); *Sheppard v. Tribble Heating & Air Conditioning*, 163 Ga. App. 732, 734 (2) (294 SE2d 572) (1982). The evidence here showed that Husband and Ms. Minshew, during the period when the fraudulent transfers between them allegedly occurred, had an adulterous relationship, which was continuing at the time of trial. Evidence of this relationship, like that of in-laws, uncles, aunts, nieces, nephews, attorneys, and clients, is relevant to a claim of fraudulent conveyances. See *Lewis v. Lewis*, 210 Ga. 330, 334-335 (2) (80 SE2d 312) (1954); *Hoard v. Maddox*, 202 Ga. 274, 275 (1) (a) (42

SE2d 744) (1947). The relationship between Husband and Ms. Minshew, along with other facts and circumstances, would be admissible at a separate trial, at least with respect to the question of whether Ms. Minshew received cash from Husband with notice or a reasonable suspicion of his intention to defeat Wife's rights. See *Lewis v. Lewis*, supra.

Because the adulterous relationship between Husband and Ms. Minshew would be admissible at a separate trial, she has not shown any prejudice to herself, and the trial court did not manifestly abuse its discretion in denying her motion for separate trial.

### *Case Number S06F0929*

9. In Wife's cross-appeal, she contends only that the trial court erred as a matter of law by directing a verdict in favor of Crisp Farms on her fraudulent conveyances claim.

As to that claim, Wife was required to identify and prove specific conveyances from Husband to Crisp Farms, including the time of the transfers and the instruments by which they were accomplished. *Gwinnett Property v. G+H Montage GmbH*, 215 Ga. App. 889, 890 (1) (453 SE2d 52) (1994). The evidence showed that the formation of the corporation was necessary in order to maximize government payments resulting from Husband's farming operations, and that he owned one-half of Crisp Farms, owned or leased the land and equipment used, received rents from the corporation, borrowed money on its behalf, and transferred funds into the corporation to pay expenses. The evidence failed to show that the only conveyance specifically identified was not one of these legitimate transfers. The trial court held that, although Husband's ownership interest in the corporation was properly before the jury for its consideration, there was no evidence of any fraudulent transfer into the corporation. Wife's proof regarding fraudulent conveyances allegedly made to Crisp Farms essentially lumps together numerous individual transactions and "is so broad that it amounts to nothing. [Cit.]" *Gwinnett Property v. G+H Montage GmbH*, supra. Furthermore, Wife's own expert accountant testified that the corporate accounting records looked good and that he did not find any evidence of a fraudulent transfer from Husband to Crisp Farms. *Gwinnett Property v. G+H Montage GmbH*, supra at 892 (1).

Because Wife failed to present any evidence from which the jury could have reasonably inferred that a specific conveyance from Husband to Crisp Farms was fraudulent, we conclude that, with respect to this claim, there was no conflict in the evidence as to any material issue, and the evidence, with all reasonable deductions therefrom, demanded a verdict in favor of the corporation. See

*Gwinnett Property v. G+H Montage GmbH*, supra at 893 (1) (finding error in the denial of a motion for judgment n.o.v.). Therefore, the trial court correctly granted Crisp Farms' motion for directed verdict. See OCGA § 9-11-50 (a); *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998) (same standard applies to motions for directed verdict and for judgment n.o.v.).

### Case Number S06F0930

10. "The sole issue asserted in [Crisp Farms'] cross-appeal is the propriety of the . . . denial of [its] summary judgment motion. . . . Accordingly, the cross-appeal is dismissed as moot." *Kicklighter v. Woodward*, supra.

*Judgments affirmed in Case Numbers S06F0927, S06F0928, and S06F0929. Appeal dismissed in Case Number S06F0930. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006 —
RECONSIDERATION DENIED OCTOBER 16, 2006.

*Stone & Chapman, Kice H. Stone, Claire C. Chapman, Susan Y. Middleton*, for Anthony Moore.
*Rainwater & Harpe, David N. Rainwater*, for Anne Moore.
*John C. Cotton*, for Amy Minshew.
*Thomas H. Hurt*, for Crisp Farms, Inc.