# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0741. DEBORAH BLASE v. KEVIN BLASE et al.**

Deborah Blase filed an action for divorce against her husband, Kevin Blase. Kevin's brothers, Craig Blase and Gary Blase, as co-trustees of Kevin and Deborah's family trust, were later joined as parties, and, thereafter, Deborah amended her complaint to add claims against Kevin and his brothers for fraudulent transfer.[1] She also amended her complaint to add a claim against Kevin for breach of fiduciary duty. Kevin and his brothers filed motions for summary judgment as to Deborah's claims for fraudulent transfer and breach of fiduciary duty, which the trial court granted. Deborah then filed this direct appeal. Kevin, Craig, and Gary have filed motions to dismiss Deborah's appeal on the ground that she failed to file an application for discretionary review.

Ordinarily, pursuant to OCGA § 9-11-56 (h), "[a]n order granting summary judgment on any issue or as to any party shall be subject to review by appeal." However, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. OCGA § 5-6-35 (a) (2). In this regard, when "the underlying subject matter, i.e., the issues sought to be appealed, clearly arises from or is ancillary to divorce proceedings, or is derived from a marital relationship and divorce, the appeal is within the ambit of [OCGA §

---

[1] "[W]here, as here, one party to a divorce proceeding alleges that fraudulent conveyances of property were employed to defeat that party's rights, joinder of additional parties involved in the alleged fraud is proper in order to facilitate a complete resolution of the issues." *Moore v. Moore*, 281 Ga. 81, 83 (2) (635 SE2d 107) (2006).

5-6- 35 (a) (2)]." *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984).

Deborah asserts that this appeal is separate from the divorce action, such that no application was required. But Deborah's claims for fraudulent transfer and breach of fiduciary duty are based on allegations that the defendants transferred marital assets into the family trust in a concerted effort to hinder, delay, or defraud her, and prevent her from reaching those assets in the event of a divorce and that Kevin had a duty to disclose the transfer to her based on the confidential relationship they enjoyed as husband and wife and co-trustees of the family trust. Thus the claims at issue in this appeal are ancillary to the divorce proceedings or derived from the martial relationship or both, such that an application was required. See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) 619 SE2d 679, 681 (2005) (holding that wife and children were required to file an application for discretionary review to appeal trial court's order granting summary judgment to husband's estate in breach-of-contract case because the "underlying subject matter . . . relate[d] to . . . rights and obligations" under husband and wife's divorce decree); see, e.g., *Moore v. Moore*, 281 Ga. 81, 81 (635 SE2d 107) (2006) (noting that application for discretionary review was granted under the Supreme Court's Pilot Project for divorce cases to consider final judgment of divorce in which wife made claims against third parties for fraudulent conveyance and conversion).

Deborah's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this direct appeal. See *Russo*, 252 Ga. at 156. Accordingly, Kevin, Craig, and Gary's motions to dismiss are GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  12/12/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*