# Court of Appeals
# of the State of Georgia

ATLANTA,  October 17, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1010. DEBRA JEAN JOHNSON et al v. SARAH ALLISON JOHNSON.**

Sarah Allison Johnson filed for divorce against her husband, Daniel Paul Johnson. In the divorce complaint, Sarah alleged that Daniel had placed various marital assets in the name of his mother, Debra Jean Johnson, in order to deprive Sarah of her interest in those assets, and Sarah named Debra as an additional party to the divorce.[1] After the trial court entered a temporary order directing the parties not to sell or otherwise dispose of any marital property, Sarah filed a motion for emergency relief to enjoin Daniel from carrying out an auction. The trial court entered an order enjoining the auction, and Debra filed this direct appeal, challenging the injunction and contending that the property that was to be auctioned belongs to her, not Daniel.[2]

Under OCGA § 5-6-34 (a) (4), direct appeals are permitted from all judgments or orders granting or refusing applications for interlocutory or final injunctions. However, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. OCGA § 5-6-35 (a) (2). When "the underlying subject matter, i.e., the issues sought to be appealed,

---

[1] See *Moore v. Moore*, 281 Ga. 81, 83 (2) (635 SE2d 107) (2006) (explaining that when one party to a divorce "alleges that fraudulent conveyances of property were employed to defeat that party's rights, joinder of additional parties involved in the alleged fraud is proper in order to facilitate a complete resolution of the issues").

[2] Debra initially filed her appeal in the Supreme Court. The Supreme Court found no basis for its jurisdiction and transferred the case to this Court. See Case No. S22A0515 (Feb. 1, 2022).

clearly arises from or is ancillary to divorce proceedings, or is derived from a marital relationship and divorce, the appeal is within the ambit of [OCGA § 5-6-35 (a) (2)]." *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984); see *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). Moreover, *any* party, including a third-party defendant, who seeks to appeal an order entered in a domestic relations case must follow the discretionary appeal procedure. See *Horton v. Kitchens*, 259 Ga. 446, 446 (2) (383 SE2d 871) (1989).

Here, it appears that the underlying subject matter of this appeal arises from or is ancillary to divorce proceedings or is derived from a marital relationship and divorce. See *Floyd v. Floyd*, 250 Ga. 208, 208 (296 SE2d 607) (1982) (explaining that claim for equitable division of marital property derives from a marital relationship and divorce). As such, Debra was required to file an application for discretionary review under OCGA § 5-6-35 (a) (2). Her failure to do so deprives us of jurisdiction over this appeal. See *Russo*, 252 Ga. at 156. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 10/17/2022*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

    *Stephen E. Castlen*  *, Clerk.*