### 26855. MEEKS v. KIRKLAND.

HAWES, Justice. This is a claim case in which Lucile Meeks sought to assert against the administrator of the estate of Tillman Meeks a one-half interest in a described tract of land located in Coffee County. It appears that Lucile Meeks was formerly the wife of Tillman Meeks. She was divorced from him by a decree entered in the Superior Court of Fulton County on July 19, 1960. At that time, Tillman Meeks' father was in life. He died sometime in 1968. The divorce decree undertook to award to plaintiff one-half of any interest that the defendant, Tillman Meeks, would receive and have out of the real and personal property in his father's Georgia estate, either under his father's will, or, if his father should die intestate, one-half of the interest defendant would inherit as an heir at law in property of which his father dies seized and possessed. Tillman Meeks died in 1970 in Fulton County seized and possessed of a tract of land consisting of 68 acres located in Coffee County, the same having been acquired from his father under the provisions of his father's will. The claim was transferred by the Ordinary of Fulton County to the Superior Court of Coffee County to be there tried as provided by law. The defendant Kirkland filed a motion to dismiss which was sustained, and the claimant appealed. *Held:*

1. The decree relied upon by the claimant, insofar as it purported to vest in her any interest in property to be derived from the "estate" of the then living C. J. Meeks dealt with a bare expectancy or possibility in which at the time the said Tillman Meeks had no interest. It was

utterly void and ineffectual to vest in her any interest in property acquired by him in the future as such expectation or interest could not be a part of his estate out of which an allowance of alimony could be made. *Code* § 30-201; *Trammell v. Inman,* 115 Ga. 874 (3) (42 SE 246); *Dailey v. Springfield,* 144 Ga. 395 (2) (87 SE 479, AC 1917D 943); *Pidcock v. Reid,* 145 Ga. 103 (1) (88 SE 564); *Moore v. Segars,* 192 Ga. 190 (3) (14 SE2d 752); *Trammell v. West,* 224 Ga. 365 (162 SE2d 353).

2. The contention of the appellant that the judgment dismissing the claim should be reversed because it was entered after voluntary dismissals of the claim had been filed by her attorney presents nothing for this court to decide inasmuch as the record does not affirmatively show that the judgment was so entered, and the matters extraneous to the record which are argued by the appellant in connection with this contention cannot be considered by this court. This court is bound by the record as transmitted to it by the clerk of the trial court and we cannot go outside the record to determine issues which are raised for judicial determination for the first time after the case has been transmitted to us.

*Judgment affirmed. All the Justices concur.*
ARGUED DECEMBER 13, 1971—DECIDED FEBRUARY 11, 1972.

*Wyman C. Lowe,* for appellant.
*Williams & Holton, Elie L. Holton,* for appellee.

