## 39908. BALDREE v. BALDREE.

SMITH, Justice.

These parties were divorced by judgment entered in April 1981, with all other issues reserved for trial. In March 1982, the uncle of Howard Baldree, appellee, died. The uncle's will provided that Howard Baldree would inherit about 300 acres of land and certain other personal property, and named him as executor. The will had been admitted to probate but the estate had not yet been distributed among the legatees and title to the real property had not vested in Howard Baldree, when the issue of alimony was tried to a jury in October 1982. One day prior to trial, Howard Baldree's motion in limine to exclude evidence of his pending inheritance from the jury's consideration in awarding alimony to Jane Baldree was sustained. She was subsequently awarded $14,500 in a lump sum. We granted Jane Baldree's application for discretionary appeal. The question here is whether it was error to exclude evidence of this pending inheritance as evidence of Howard Baldree's financial resources. We reverse.

This case presents a novel factual situation.[1] Unlike *Meeks v. Kirkland,* 228 Ga. 607 (187 SE2d 296) (1972), where we held that no allowance of alimony could be made out of a bare expectancy or possibility of an inheritance to be derived from a then-living testator,

---

[1] The case also illustrates a problem characteristic of bifurcated trials involving divorce and property issues where the property question is reserved and a long period of time, here a year and a half, separates the two proceedings.

Howard Baldree's uncle had died testate at the time of trial on the issue of alimony. The instant case is more like *Hand v. Hand,* 244 Ga. 41 (257 SE2d 507) (1979), where we said that an inheritance received after the institution of divorce proceedings is subject to the award of alimony. We find further support for our conclusion in *Stumpf v. Stumpf,* 249 Ga. 759 (294 SE2d 488) (1982), which examines the question of whether military retirement pay of an already retired party is relevant to the determination of an alimony award in a divorce action. We held that such retirement pay is relevant to the jury's determination of an award of alimony, and we further stated that a jury can hear evidence of all of a party's assets as relevant to such an award. Although Howard Baldree's inheritance was not yet a fixed or certain amount at the time of this trial, it was nevertheless an asset, evidence of which should not have been kept from the jury.

*Bailey v. Bailey,* 250 Ga. 15 (295 SE2d 304) (1982), cited by the trial court in support of its ruling on the disputed motion in limine, involved equitable division of property, not an award of alimony, and neither supports nor conflicts with our decision in this case.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED OCTOBER 4, 1983.

*Jack W. Carter, J. Laddie Boatright,* for appellant.
*J. Reese Franklin, Walters, Davis, Smith & Meeks, W. Edward Meeks, Jr.,* for appellee.