S89A0320, S89X0477. HORTON v. KITCHENS et al.; and vice
versa.
(383 SE2d 871)

SMITH, Justice.

The appellant, Frances Kitchens Horton, was a third-party defendant in the divorce action between her son Bert Kitchens and his wife Sandra Kitchens. Mrs. Kitchens alleged that Mr. Kitchens had fraudulently conveyed certain property to the appellant in order to defeat Mrs. Kitchens' claim for alimony. The jury found that the conveyance from Mr. Kitchens to the appellant was fraudulent and should be set aside. Paragraph Six of the final judgment and decree in the divorce action cancelled the deed between Mr. Kitchens and the appellant.

1. The appellant contends that the trial court erred in refusing to grant a new trial on the ground that there was insufficient evidence for the deed to be set aside.

A review of the record indicates that it is not devoid of evidence supporting the jury's verdict; therefore, we will not disturb it on appeal. *Nebb v. Butler,* 257 Ga 145 (357 SE2d 257) (1987).

2. This case has been decided on its merits; however, in view of the fact that the appellee has filed a motion to dismiss for failure to file a discretionary application, we will address the appellee's motion to dismiss. This case involving a third-party defendant is a case of first impression; therefore, we take this opportunity to review the issue of when an application is required in a domestic relations case. OCGA § 5-6-35 (a) (2) states that an application is required in:

> Appeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders. . . .

An application is required to appeal a domestic relations case in which a "judgment or order" has been entered. *Any* party who seeks to appeal a "judgment" or an "order" entered in a domestic relations case must follow the procedure set out in OCGA § 5-6-35 (a) (2).

3. We need not address the cross-appeal in case No. S89X0477, as it has been rendered moot by our holding above.

*Judgment affirmed. All the Justices concur.*

*Mills, Freeman, Vaughn & Sosebee, W. Franklin Freeman, Jr.,* for appellant.

*Joseph M. Todd, Howard P. Wallace,* for appellees.