S98A0541. DeGARMO v. DeGARMO.

(499 SE2d 317)

BENHAM, Chief Justice.

This appeal is from an order enforcing a settlement agreement in a divorce action. After Mr. DeGarmo filed a complaint for divorce, the defendant, Ms. DeGarmo, sought to join as parties Super 1, Inc., the corporation which was formed to conduct a business the DeGarmos had begun together, and Billy Ross, the only stockholder in Super 1, Inc. other than Mr. DeGarmo. The trial court denied that motion. After a mediation session, the parties signed a draft settlement agreement, but Ms. DeGarmo renounced it shortly thereafter. Mr. DeGarmo filed a motion to enforce the agreement, which the trial court denied. This Court denied his application for interlocutory appeal. Ms. DeGarmo subsequently filed a motion to set aside what she termed a fraudulent issuance of stock in Super 1, Inc., and renewed her motion to add parties. Without ruling on her motions, the trial court reconsidered Mr. DeGarmo's motion to enforce the settlement agreement and granted it, adopting for its final order the last in a series of revisions of the agreement. This Court granted Ms. DeGarmo's application for discretionary review, expressing interest in the correctness of the trial court's grant of Mr. DeGarmo's motion to enforce the settlement agreement, and in the correctness of the trial court's denial of Ms. DeGarmo's motion to add third-party defendants.

1. "[A] divorce 'decree should accurately reflect a settlement reached by the parties,' [cit.] 'and a trial court is not authorized to adopt and incorporate into the final decree and judgment of divorce a purported memorialization of the settlement that contains more substantive terms than the settlement.' [Cit.]" *Moss v. Moss,* 265 Ga. 802, 803 (463 SE2d 9) (1995). The final version of the settlement agreement adopted by the trial court in this case over the objections of Ms. DeGarmo includes several provisions either not included in

the handwritten original or different than those initially agreed upon. For example, the handwritten version awarded Ms. DeGarmo the furnishings and contents of the marital residence, without exception, while the version adopted by the trial court provided for exceptions to that grant, specifically awarding Mr. DeGarmo certain collectibles, "wherever located." A provision in the handwritten agreement required Mr. DeGarmo to relinquish to Ms. DeGarmo and to protect the confidentiality of certain of her medical records; the final version expanded that requirement to both parties. The final version of the agreement included a provision for waiver of all inheritance rights which was entirely absent from the original agreement. Those changes and additions to the parties' agreement renders the trial court's adoption of the subsequently drafted final version error. Id.

Ms. DeGarmo also argued that the agreement was unenforceable because it specified certain issues for resolution in the future. From the fact that the agreement went through multiple revisions after the handwritten agreement was signed, it is plain that some issues were, indeed, left for future resolution and the resolutions were added to the agreement. Mr. DeGarmo's reliance on a provision in the handwritten agreement that the mediator would resolve disputes concerning the final language to be used is misplaced: the changes mentioned above related to substantive matters, not the wording of the agreement. The record demonstrates that the original agreement was inadequate because it left matters for later resolution (id.) and the revision adopted by the trial court was unenforceable because, as noted above, it contained matter not included in the original.

2. When one party to a divorce proceeding alleges there has been a fraudulent conveyance of property to defeat that party's rights, joinder of additional parties involved in the allegedly fraudulent conveyance is proper. *Roberts v. Roberts*, 226 Ga. 203 (9) (173 SE2d 675) (1970). Here, Ms. DeGarmo alleges that she and Mr. DeGarmo formed a business in which they were to be partners, that a significant portion of the business capital came from her separate property, and that Mr. DeGarmo and Billy Ross fraudulently caused all the stock in the corporation to be issued in their names, excluding Ms. DeGarmo. While Mr. DeGarmo denies all wrongdoing, it is apparent that there remain factual issues to be resolved concerning the proper ownership of the stock of Super 1, Inc. Under those circumstances, Ms. DeGarmo was entitled under the principles applied in *Roberts*, supra, and stated in OCGA § 9-11-19 (a) (1), to have Ross and Super 1, Inc. added as parties in order that "complete relief [might] be afforded among those who are already parties." Id. The trial court's failure to add those parties was error.

3. Finally, Ms. DeGarmo contends the trial court erred in failing to set aside the conveyance of stock she has alleged to be fraudulent.

While the record contains allegations and denials of wrongdoing, it does not contain evidence which would permit a resolution of the issues involved in Ms. DeGarmo's claim. Those issues remain for resolution in the trial court upon the return of the remittitur from this Court.

In summary, we conclude that although the attorneys and the mediator involved in this case made valiant efforts to reach resolution of the issues between the parties, no such resolution was ever reached in an enforceable form. Consequently, notwithstanding the trial court's sincere attempt to bring the case to an equitable conclusion, the judgment of the trial court enforcing the agreement and, by implication, denying Ms. DeGarmo's motion to add parties must be reversed.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., Sears and Hines, JJ., who dissent.*

FLETCHER, Presiding Justice, dissenting.

I respectfully dissent because the majority relies on the failure of the judgment to reflect the settlement agreement to conclude that the settlement agreement is not enforceable at all.

The enforceability of the settlement agreement depends on whether the parties have reached agreement on all essential terms.[1] The record contains the handwritten settlement agreement reached by the parties during mediation. Both parties and their attorneys signed the agreement. Additionally, Ms. DeGarmo's attorney, pursuant to his obligation under Uniform Superior Court Rule 4.10, notified the trial court in writing that the parties had reached a settlement and that he would prepare the settlement agreement in accordance with the terms of the signed memorandum of agreement.

It is clear from a reading of the agreement that all essential terms are incorporated. Contrary to the majority's view, the only item left for future resolution is the exact language of the decree. This agreement was reached after a long process aided by a skilled mediator, attended by both parties and counsel. If this agreement is not enforceable, then almost no agreement will be enforceable.

I agree with the majority that the judgment does not accurately reflect the settlement agreement in a few respects. The remedy for this, however, is not to scuttle the agreement, but to remand it to the trial court for entry of a judgment that accurately reflects the essential terms as agreed to by the parties in the handwritten agreement.

I am authorized to state that Justice Sears and Justice Hines join in this dissent.

---

[1] See *Reichard v. Reichard*, 262 Ga. 561, 564 (423 SE2d 241) (1992).

DECIDED MAY 4, 1998 —
RECONSIDERATION DENIED MAY 22, 1998.

*Henderson & Lipscomb, David S. Lipscomb,* for appellant.
*McKinney & Salo, Jan McKinney, Elizabeth M. Jaffe, John A. Roberts,* for appellee.

