### S98A1451. SHAH v. SHAH.
(513 SE2d 730)

CARLEY, Justice.

After Purnima Shah filed for divorce, she amended her complaint to add a count alleging that her husband fraudulently conveyed property to Ashwin Shah, her father-in-law. In addition to seeking the equitable relief of setting aside the conveyance, she also

alleged a claim for damages against Mr. Shah based upon his participation in the alleged fraud. See *Kesler v. Veal*, 257 Ga. 677 (362 SE2d 214) (1987). The trial court granted Ms. Shah's motion to add Mr. Shah as a party to the divorce action. The jury returned a verdict which found that the conveyance was fraudulent and which also awarded damages to Ms. Shah on her fraud claim. After the trial court entered judgment on the jury's verdict, Mr. Shah filed an application for a discretionary appeal. We granted the application in order to address two issues. The first is whether, in the context of a divorce action, it is permissible for the plaintiff to seek damages against the grantee of an alleged fraudulent conveyance. If the plaintiff is authorized to do so, the second issue is whether it is necessary for the grantee to follow the discretionary appeal procedures of OCGA § 5-6-35 in order to appeal from an adverse judgment awarding damages.

1. Ms. Shah contends that OCGA § 9-11-18 (a) is general authority for the joinder in this divorce action of any and all of her independent existing claims. Under that statute, a party who has already asserted a claim for relief "may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." Ms. Shah's reliance upon OCGA § 9-11-18 (a) clearly is misplaced. The controlling statute is OCGA § 9-11-18 (b), which specifically addresses the issue of joinder of a fraudulent conveyances claim in an original action. See generally *Mayor &c. of Savannah v. Savannah Elec. & Power Co.*, 205 Ga. 429, 436 (54 SE2d 260) (1949). Compare *Cohen v. McLaughlin*, 250 Ga. 661 (301 SE2d 37) (1983) (joinder pursuant to OCGA § 9-11-18 (a)). According to its terms, OCGA § 9-11-18 (b) is authority only for the limited proposition that an original claim and a fraudulent conveyance claim "may be joined in a single action; *but* the court shall grant relief in that action *only* in accordance with the relative substantive rights of the parties." (Emphasis supplied.) The purpose of this joinder statute "is to facilitate the adjudication of the total dispute between the parties." 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1590, p. 561. Thus, OCGA § 9-11-18 (b) applies in this case for the limited purpose of aiding in the final judicial determination of the issues in the divorce action. Under OCGA § 9-11-19 (a) (1), Mr. Shah certainly could be joined as party to that proceeding for that limited purpose, since he was the grantee of the disputed property conveyed by Ms. Shah's husband. *DeGarmo v. DeGarmo*, 269 Ga. 480, 481 (2) (499 SE2d 317) (1998). The question is, however, whether Mr. Shah, having been joined in the divorce action for that purpose, was also amenable to suit for additional independent claims.

Although OCGA § 9-11-18 (a) specifically authorizes the assertion of additional existing claims against the original party-defendant, nothing in OCGA § 9-11-18 (b) permits any other addi-

tional claims to be asserted against one who is a party-defendant only as to a joined fraudulent conveyance claim. Compare *Cohen v. McLaughlin*, supra. Permitting the assertion of such additional claims against the joined party would be completely inconsistent with OCGA § 9-11-18 (b)'s limited statutory purpose of facilitating the dispute between the parties to the original action. That purpose is not served, and indeed is frustrated, if joinder can result in the addition of totally extraneous claims against one who was not a party to the original action.

A contrary holding would mean that every divorce action in which a fraudulent conveyance claim has been joined would become the potential source of innumerable independent extraneous claims, counterclaims and cross-claims between non-parties to the original proceeding. Nothing in the Civil Practice Act (CPA) authorizes the conversion of a divorce case into such a multifarious and unfocused proceeding. Under the applicable provisions of the CPA, Ms. Shah could join Mr. Shah as a party to the divorce action only for the limited purpose of determining his relative substantive right in the property that she claimed was fraudulently conveyed to him. See *DeGarmo v. DeGarmo*, supra at 481 (2). She could not use the fraudulent conveyance claim and the joinder of Mr. Shah in order to make an independent tort claim against him. In the absence of any applicable joinder provision, that claim would have to be asserted against him in a separate civil action. See *Kesler v. Veal*, supra. Thus, it was error to allow a recovery of damages against Mr. Shah in this divorce action against his son.

2. The grantee who is joined as a party-defendant on a fraudulent conveyance claim in a divorce action must apply for a discretionary appeal from a judgment setting aside the conveyance, since it would be considered a part of the divorce action to which it was properly joined for the limited purpose authorized under OCGA § 9-11-18 (b). *Horton v. Kitchens*, 259 Ga. 446 (2) (383 SE2d 871) (1989). For the reasons discussed in Division 1, however, damages against the grantee can be recovered only in a separate action, and a money judgment against him can never be entered in the divorce proceeding. Thus, the "domestic relations" provision of OCGA § 5-6-35 (a) (2) would be inapplicable when the grantee seeks to appeal an adverse judgment entered in a properly instituted independent action. The applicability of the discretionary appeal procedures in such a case will be controlled by whether the underlying judgment for damages meets the $10,000 threshold established by OCGA § 5-6-35 (a) (6).

3. There was no reversible error as to the properly joined fraudulent conveyances claim. Accordingly, the judgment setting aside that conveyance to Mr. Shah is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices*

*concur, except Sears and Hunstein, JJ., who dissent.*

SEARS, Justice, dissenting.

Because I disagree with the majority's conclusion that a plaintiff who seeks to set aside an alleged fraudulent conveyance in a divorce case may not also seek damages during the course of the divorce action against the person who received that conveyance, I respectfully dissent.

The majority bases its holding that Ms. Shah is precluded from asserting such a claim for damages on OCGA § 9-11-18 (b). That Code section, however, does not support that holding. Because Justice Gregory states the purpose of the rule in clear and straightforward fashion, I quote him in full:

> Rule 18 (b) addresses a specific problem. It allows one to seek two remedies in a single action which would have required two separate actions in pre-CPA days. The example directly addressed in the rule, though the rule is broader than the example, is where a creditor seeks both a money judgment against a debtor and seeks to set aside a fraudulent conveyance the debtor made. Both remedies may be brought in one action though, of course, as the rule states, it is the substantive law which ultimately governs whether any relief is available.[1]

Thus, § 9-11-18 (b) merely expresses an intent to deviate from a pre-CPA practice of requiring two separate actions to assert two remedies, and was not meant as a limitation on a party's ability to join claims under § 9-11-18 (a). Subsection (b) of § 9-11-18 is, in fact, but a variation of the liberal joinder provisions of § 9-11-18 (a), and the majority errs in construing it otherwise. To prevent Ms. Shah from seeking damages, the majority focuses on the language in subsection (b) that " 'the court shall grant relief *only* in accordance with the relative substantive rights of the parties.' "[2] As Justice Gregory points out, however, this language merely stands for the proposition that the substantive law will govern whether a party can prevail on either of the two remedies that the statute expressly permits her to bring in one action, and not for the proposition that she may not assert but one of those claims.

In addition to the foregoing fundamental mistakes, the majority erroneously attaches significance to the fact that the appellant, Ashwin Shah, was added as a party after the original complaint was

---

[1] Gregory, *Georgia Civil Practice*, p. 351 (2d ed. 1997).
[2] Majority opinion at 650 (emphasis in majority opinion).

filed. OCGA § 9-11-18 (a) and (b), however, provide rules for determining when a claim may be added against a "party." They do not limit their salutary effect to an "original party-defendant." Besides, the appellant could just as easily have been an "original party-defendant" as he was an added party-defendant. Here, the appellant was a party to the case, and the rules of § 9-11-18 (a) and (b) unequivocally apply to him as a party.

Finally, although the majority acknowledges that the purpose of § 9-11-18 is "'to facilitate the adjudication of the total dispute between the parties,'" the majority completely frustrates that purpose in the present case. The broad reach of § 9-11-18 (a) and (b) is illustrated by our holding in *Cohen v. McLaughlin*.[3] In that case, an ex-husband sued his ex-wife and her new husband for allegedly conspiring to take his personal and business assets. The ex-husband also sued a lawyer that he alleged joined the conspiracy after his ex-wife had the lawyer appointed as a receiver for the ex-husband and his company. The lawyer, as a third-party plaintiff, then sued his insurance company as a third-party defendant, alleging (1) that the insurance company was liable for all the plaintiff's claims against him, and (2) that the insurance company had wrongly refused to defend the action and that it was liable to him for litigation expenses and attorney fees stemming from the wrongful refusal to defend. The insurance company settled the case with the plaintiff, and the plaintiff dismissed the complaint against the lawyer. The lawyer continued to insist on his right to sue the insurance company for damages, but the trial court held that the lawyer could only assert a claim against the insurance company for its secondary liability on the plaintiff's claim. Relying upon § 9-11-18 (a), this Court reversed, holding that a third-party plaintiff could assert a direct claim for damages against a third-party defendant even though that claim did not arise out of the same set of operative facts as the plaintiff's original complaint.[4]

Despite the broad reach of § 9-11-18 (a) and (b) and the broad holding of *Cohen*, the majority today deprives divorce litigants of the right to join claims that is enjoyed by all other litigants in this State. The majority reaches this holding despite the clear mandate of the Civil Practice Act that the "joinder of parties and causes" apply to divorce and alimony cases.[5]

For the foregoing reasons, I respectfully dissent to the majority

---

[3] 250 Ga. 661 (301 SE2d 37) (1983).
[4] Id. at 662-663.
[5] OCGA § 9-11-81. Accord *Ledford v. Bowers*, 248 Ga. 804, 805-806 (286 SE2d 293) (1982).

654

opinion. I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED MARCH 15, 1999.

*Fellows, Johnson & La Briola, Stephen T. La Briola, Henry M. Quillian III, Shawn M. Willette, James M. Kimbrough III, John C. Tyler,* for appellant.

*Shepherd & Johnston, Timothy N. Shepherd, Lance N. Owen,* for appellee.