## S99A1708. BROWN v. BROWN.
### (525 SE2d 359)

CARLEY, Justice.

Appellee Sharon Brown filed suit for divorce against her spouse, and named her mother-in-law, appellant Jean Brown, as a co-defendant. The gravamen of the claim against appellant was that certain real property titled in her name actually belonged to appellee and her husband, and was, therefore, subject to equitable division in the divorce proceeding. See generally *DeGarmo v. DeGarmo*, 269 Ga. 480, 481 (2) (499 SE2d 317) (1998). The complaint was served on appellant on March 11, 1998, but she did not file an answer until October 26, 1998. Before the case was called for trial in April of 1999, appellee moved for default judgment against appellant. The trial court granted the motion, and entered a default judgment establishing that appellant held the property in trust for the benefit of appellee and her husband. The jury's subsequent verdict mandated a sale of the property, with a designated amount of the proceeds used to pay marital debts and any balance awarded to appellant. We granted appellant's application for discretionary appeal, in order to deter-

mine whether the trial court erred in entering default judgment against her.

Although OCGA § 9-11-55 is authority for the grant of default judgments, OCGA § 19-5-8 provides that "[n]o verdict or judgment by default shall be taken" in actions for divorce, alimony or child custody. Accordingly, resolution of this appeal depends upon whether appellee's claim against appellant constitutes an action which OCGA § 19-5-8 specifically exempts from the general ambit of OCGA § 9-11-55. The allegations against appellant raise a material issue with regard to the equitable division of marital property. *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980). This is an equitable claim which arises only as the result of the underlying divorce action. *Bedford v. Bedford*, 246 Ga. 780, 781 (273 SE2d 167) (1980). Because equity seeks always to do complete justice, third parties are properly joined in a divorce action so as to facilitate resolution of the spouses' marital claims. OCGA § 23-1-7; *Roberts v. Roberts*, 226 Ga. 203, 209 (9) (173 SE2d 675) (1970) (alimony). Such a claim against a non-spouse has always been considered an integral part of the divorce action to which it was joined for that limited purpose. See *Shah v. Shah*, 270 Ga. 649, 651 (2) (513 SE2d 730) (1999); *Horton v. Kitchens*, 259 Ga. 446 (2) (383 SE2d 871) (1989). Thus, a default judgment cannot be entered against the defendant on such a claim. See *Harrison v. Harrison*, 228 Ga. 126, 128 (184 SE2d 147) (1971). Therefore, the trial court erred in entering a default judgment against appellant, and the equitable division claim as against her must be remanded to the trial court for disposition in accordance with OCGA § 19-5-8. This holding does not affect the judgment entered in appellee's main divorce action against her husband.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Stephen N. Hollomon*, for appellant.
*Fred I. Graham, Arthur H. Clarke, Jr.,* for appellee.