## S02A1477. GARDNER et al. v. GARDNER.
(576 SE2d 857)

THOMPSON, Justice.

Husband Jackie Wendell Gardner filed a complaint for divorce on the ground that his 24-year marriage to wife Brenda Culverson Gardner was irretrievably broken. Husband sought custody of the one minor child, child support, and an equitable distribution of marital property. His verified complaint specified that the only property acquired by the parties during the course of the marriage consisted of: "Corporate stock in SGF, Inc.; corporate stock in State Line Cooler, Inc.; [and] corporate stock in Sowega Cotton Gin, Inc." Husband appended a financial affidavit to the complaint which showed his gross monthly income to be $4,583, and he listed the stock in the three corporations as his only assets. The non-liquidated value of the stock was stated to be just under five million dollars.

Wife filed an answer and counterclaim for divorce on the ground of adultery, and she sought alimony as well as equitable division of the marital property, including the marital residence. Her financial affidavit showed no individual income or assets.

Wife thereafter sought an order from the court allowing her to join as defendants by counterclaim, two of the three corporations listed in the complaint. As grounds therefor, she alleged that subse-

quent to the filing of her answer and counterclaim she learned that said corporations hold title to all of the assets of the parties including the marital residence, and that husband is the sole stockholder and director of the corporations. She asserted that the corporations are subject to the jurisdiction of the court and that joinder is required to grant complete relief on the counterclaim so as to effectuate an equitable division of marital property and to adjudicate her claim for alimony. After a hearing on the motion, the trial court ordered that SGF, Inc. and State Line Cooler, Inc. be made defendants to the counterclaim; thereafter, service of process was perfected on the two corporations. The trial court certified its joinder order for immediate review. We granted husband's application for interlocutory appeal to determine whether in ordering the joinder of the corporations as party-defendants, the trial court erred in failing to limit their participation to wife's claims for the equitable division of marital property. Because under the unusual circumstances of this case, any marital assets or individual assets of husband are entirely subsumed in the corporate stock, we hold that joinder was proper in order to adjudicate the marital claims. Accordingly, we affirm.

1. OCGA § 9-11-13 (h) provides: "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim . . . the court shall order them to be brought in as defendants as provided in this chapter, if jurisdiction of them can be obtained." The foregoing is read in conjunction with OCGA § 9-11-19 (a) (1) which provides that "[a] person who is subject to service of process shall be joined as a party in the action if: (1) [i]n his absence complete relief cannot be afforded among those who are already parties." The common thread in both statutes is that joinder be predicated upon granting "complete relief." "This provision 'complete relief' embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court." *Co-op Mtg. Investments Assoc. v. Pendley*, 134 Ga. App. 236, 238 (1) (214 SE2d 572) (1975). See also *McCabe v. Lundell*, 199 Ga. App. 639 (1) (405 SE2d 693) (1991). This rule is equally applicable in a divorce case:

> Because equity seeks always to do complete justice, third parties are properly joined in a divorce action so as to facilitate resolution of the spouses' marital claims. [Cits.] Such a claim against a non-spouse has always been considered an integral part of the divorce action to which it was joined for that limited purpose.

*Brown v. Brown*, 271 Ga. 887, 888 (525 SE2d 359) (2000).

At a hearing on the joinder motion, husband's attorney acknowledged that "the marital assets here are [the] corporate stock." Wife's attorney argued that the marital residence as well as the vehicles which are used by the parties, and any other assets which may be subject to equitable division are titled in the corporations.[1] It is undisputed that the corporate stock is wholly owned by husband, and that wife holds no assets in her name.

Here, by husband's own design, any property that may be determined to be marital property was inextricably commingled with the property of the wholly owned corporations. Thus, joinder of the corporations was proper to ensure a just division of marital assets. In such instances, the trial court should make it clear that the corporations are joined for the *limited purpose* of reaching what may be marital property. Under the facts of this case, however, we find this limitation implicit in the language of the order. Accordingly, we hold that it was proper to add the corporations as party-defendants to the counterclaim for the limited purpose of ferreting out the marital property and equitably dividing that property between the parties. A contrary result would permit a party in a divorce action to shield marital assets and defeat equitable distribution by titling those assets in a wholly owned corporation, leaving the spouse with an empty remedy. It follows that the trial court did not abuse its discretion in joining the two corporations as defendants to the counterclaim for the limited purpose of facilitating a just resolution of the marital claims. See generally *Brown*, supra; *Shah v. Shah*, 270 Ga. 649 (1) (513 SE2d 730) (1999).

2. After the joinder order was entered, wife filed a lis pendens notice as to certain real property owned by the corporations. Husband filed a motion in the trial court seeking to have the lis pendens canceled. At the conclusion of a hearing on the motion, the trial court denied the request to prevent the corporation from "being able to dispose of all of the property which may or may not be marital property." Husband has filed a motion in this Court seeking to cancel the lis pendens; he has not, however, enumerated this issue as error on appeal.

Where an appeal is taken under OCGA § 5-6-34 et seq., "all judgments, rulings, or orders rendered in the case *which are raised on appeal* and which may affect the proceedings below shall be reviewed and determined by the appellate court." (Emphasis supplied.) OCGA § 5-6-34 (d). Because the propriety of the ruling denying cancellation

---

[1] In argument, wife's attorney referred to evidence established at a temporary hearing; however, a transcript of that hearing was neither requested nor included in the record on appeal.

of the lis pendens was not enumerated as error on appeal, the matter is not properly before this Court. See *Vowell v. Carmichael*, 235 Ga. 410 (219 SE2d 735) (1975) (predecessor to OCGA § 5-6-34 (d) affords appellate review only of orders "which are raised on appeal" pursuant to the grant of interlocutory review).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Kirbo & Kendrick, Ben Kirbo,* for appellants.
*Altman & Lane, V. Gail Lane,* for appellee.