S05A1816. SEARCY v. SEARCY.
S05A1819. SEARCY et al. v. SEARCY et al.
(627 SE2d 572)

BENHAM, Justice.

We granted two petitions for interlocutory review of an order issued in a divorce action addressing questions of venue, joinder, and the type of assets which may be awarded as alimony. In the divorce action Gloria Searcy (hereinafter, "Wife") filed against Floyd Searcy (hereinafter, "Husband"), Wife sought to join as defendants the estates of Husband's late parents. Her rationale for seeking joinder was her assertion that his one-third undivided interest in the undistributed estates constitutes a majority of Husband's assets. The trial court noted in its order the estates were not real parties in interest and sua sponte added the co-executors of the estates, Husband's two brothers (hereinafter, "Co-executors"), as defendants. The trial court cited *Baldree v. Baldree*, 251 Ga. 481 (306 SE2d 654) (1983), for the proposition that evidence of a pending inheritance is properly considered for purposes of awarding alimony, then went further to hold that a portion of Husband's undivided interest in the estates of his parents could be awarded to Wife as alimony. Toward that end, the trial court ruled that joinder of the Co-executors for the limited purpose of awarding alimony and affording Wife complete relief was proper under *Gardner v. Gardner*, 276 Ga. 189 (576 SE2d 857) (2003). Although the Co-executors are residents of counties other than that in which the divorce action pends, the trial court found venue proper pursuant to *Natpar Corp. v. E.T. Kassinger, Inc.*, 258 Ga. 102 (365 SE2d 442) (1988). In the two appeals arising from the granted

---

[3] *Webster v. Webster*, 250 Ga. 57, 58 (295 SE2d 828) (1982).

petitions for interlocutory appeal, Husband and the Co-executors enumerate as error the same three rulings concerning alimony, joinder, and venue.

1. As the trial court correctly noted and Husband concedes on appeal, evidence of a pending inheritance may be considered for purposes of awarding alimony. *Baldree*, supra, 251 Ga. at 482. The trial court in the present case, however, went beyond the holding in *Baldree* and held that a share of the inheritance itself could be awarded as alimony. In *Meeks v. Kirkland*, 228 Ga. 607 (1) (187 SE2d 296) (1972), this Court reversed an award of alimony which gave the wife a one-half interest in land the husband stood to inherit from his then-living father. The award was reversed because while the husband's father was alive, the husband's interest in his father's property was a mere expectation and not a part of his estate out of which an allowance of alimony could be made. In the present case, however, Husband's parents are deceased and their wills award him one-third of the estate, a more definite interest than the expectation the husband in *Meeks* had. "The interest of a devisee is subject to an executor's duty to pay the debts of the estate, and hence is less than complete ownership. [Cits.] It is, nonetheless, recognized as a 'legally protected interest,' [cit.] and is subject to assignment. [Cit.]" *Moore v. Moore*, 255 Ga. 308, 309 (1) (336 SE2d 804) (1985). "The right of an heir or a legatee to an interest in an estate is a chose in action, and is assignable." *Sanders v. Hepp*, 190 Ga. 18, 20 (8 SE2d 87) (1940). As far back as 1880, this Court ruled in *Halleman v. Halleman*, 65 Ga. 476 (3) (1880), that choses in action were such property as could be awarded as alimony. See also *Spain v. Spain*, 203 Ga. 411 (1) (47 SE2d 279) (1948), approving a jury charge permitting the jury to award choses in action as alimony. That being so, we perceive no impediment to the award to Wife of some portion of Husband's property interest in his parents' estates. We find, therefore, no error in the trial court's ruling that a portion of Husband's undivided interest in the estates of his late parents may be awarded as alimony.

2. As noted above, the trial court's authority for joining the Co-executors was this Court's decision in *Gardner v. Gardner*, supra. We held there that joinder of two corporations wholly owned by the husband was proper because the "marital assets or individual assets of husband are entirely subsumed in the corporate stock. . . ." Id. at 190. By contrast, in the present case the trial court found specifically there was no evidence that any marital property was in either estate or that Husband had commingled marital assets with property of the estates. Wife's reliance on *Brown v. Brown*, 271 Ga. 887, 888 (525 SE2d 359) (2000), where this Court held "third parties are properly joined in a divorce action so as to facilitate resolution of the spouses' marital claims," is misplaced. In that case, and in *Roberts v. Roberts*,

226 Ga. 203 (9) (173 SE2d 675) (1970), which concerned alimony and which *Brown* cites as authority for the proposition stated above, the presence of third party defendants was necessary to resolve issues of fraud employed to limit the wife's access to marital property or sources of alimony. No such fraud is alleged in the present case.

Wife's reliance on the concept of "complete relief" as a basis for joinder (see OCGA §§ 9-11-13 (h) and 9-11-19 (a) (1)) is likewise misplaced. The concept of complete relief " 'embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court.' [Cits.]" *Gardner*, supra at 190. Here, those goals are not involved. If Wife were to be awarded some interest in the estates, whether she would have to enforce that right by litigation is entirely speculative. Even if further litigation were to prove necessary, the issues and subject matter of litigation attempting to force a distribution from the estate would not be the same as the issues and subject matter in the present case which involves her entitlement, as a consequence of her marriage, to support from Husband. The absence of the Co-executors from this litigation would not render the relief afforded the wife partial or hollow because she would obtain an interest as full and complete as that presently held by Husband. We conclude, therefore, that no proper basis exists for joining the Co-executors in this action.

Having held joinder was not proper in this case, we need not address the issue of venue since it would be pertinent only if the Co-executors were properly joined as defendants. The trial court's ruling regarding the possibility of an award of a portion of Husband's interest in his late parents' estates was correct and is affirmed, but the trial court's ruling on joinder was erroneous and must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 13, 2006.

*Alexander & Vann, John T. Holt,* for Floyd Searcy, Jr.

*Altman & Lane, V. Gail Lane, Kirbo, Kendrick & Bell, Joshua C. Bell,* for Gloria Searcy.

*Elliott, Blackburn, Barnes & Gooding, James L. Elliott,* for William Searcy et al.