## A07A0739. CUBBEDGE v. CUBBEDGE.
### (650 SE2d 805)

PHIPPS, Judge.

Tanya Cubbedge sued her former husband, Thomas Cubbedge, Jr., and his parents (referred to collectively hereinafter as the Cubbedges) for declaratory judgment or equitable relief. Tanya based her complaint on the claim that, under her and Thomas's divorce decree, she has a right to a one-fifth share of any inheritance received by Thomas, and that the Cubbedges acted in violation of her rights by establishing a family limited partnership for the purpose of effecting an inter vivos transfer of Thomas's parents' assets to Thomas without conveying a one-fifth interest in the partnership to her. On cross-motions for summary judgment, the superior court entered final judgment in favor of the Cubbedges. Tanya appeals. We affirm.

On appeal from the denial or grant of summary judgment, we must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] The following material facts are undisputed.

Thomas and Tanya divorced in 2001. Their divorce decree incorporated a settlement agreement that contained the following provision:

> The husband shall transfer, assign one-fifth (1/5) of any inheritance he ever receives in the future to the wife. The husband shall notify the wife immediately if he is entitled to inherit any assets from anyone. The husband shall not take any action to defer or refuse to accept any property or funds to which he is entitled as a result of a bequest he shall receive.

When Thomas's parents became aware of this provision several years after entry of the decree, they consulted with an attorney and decided to make an inter vivos gift of their assets to Thomas by establishing a family limited partnership with themselves as the

---

[1] *Home Builders Assn. of Savannah v. Chatham County,* 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

general partners and Thomas as the limited partner. In her deposition, Thomas's mother acknowledged that their intent in establishing the family limited partnership was to give all of their assets to Thomas or "anyone [they] wanted to" and avoid operation of the provision in the divorce decree requiring that one-fifth of any inheritance Thomas receives be transferred to Tanya.

Thomas testified without contradiction that he did not become aware of his parents' plans concerning the limited partnership until they asked him to sign the documents establishing it. After the partnership was established, Thomas informed Tanya of his desire to buy out her right to a one-fifth share in his inheritances under the divorce decree. Counsel for Thomas's parents later sent Tanya's attorney a letter stating that Tanya was not legally entitled to share in Thomas's limited partnership interest, because it resulted in his receipt of an interest in his parents' assets by gift during their lives rather than by inheritance at their deaths. The letter contained an offer to buy out Tanya's claim to these assets for the sum of $5,000, representing the estimated savings to the parents in future administrative costs if Tanya agreed to the buy out.

Instead of accepting that offer, Tanya brought this suit against the Cubbedges seeking a declaration of legal title to, or imposition of an implied constructive trust or equitable lien in her favor for, one-fifth of any assets transferred by Thomas's parents to any limited partnership created for the purpose of circumventing her rights under the divorce decree. Alternatively, Tanya sued Thomas's parents for tortious interference with contractual rights.

On cross-motions for summary judgment, the trial court denied Tanya's motion for summary judgment and awarded summary judgment to the Cubbedges. Because an "inheritance" is defined as property received from an ancestor under laws of intestacy or by bequest or device,[2] the superior court reasoned that Thomas's parents' inter vivos transfer of their assets to the family limited partnership would not result in Thomas's receipt of an "inheritance" and hence would not trigger the provision of the divorce decree relating to inheritances. The court further reasoned that Thomas's parents are not chargeable with tortious interference with Tanya's contract rights because — as current owners of the assets being used to fund the limited partnership, but as nonparties to Tanya's and Thomas's divorce decree — they had a right to transfer their assets to Thomas through establishment of the family partnership prior to their deaths rather than by will at their deaths.

---

[2] See The American Heritage Dictionary, p. 661 (2d ed. 1985); Black's Law Dictionary, p. 922 (4th ed. 1968).

1. The superior court did not err in awarding summary judgment to the Cubbedges on Tanya's equitable lien and constructive trust claims.

The divorce decree in *Meeks v. Kirkland*[3] undertook to award the wife one-half of any interest in any property the husband would receive from his father's estate. After both the husband and his father died, the wife filed a claim for a one-half interest in a tract of land the husband had inherited from his father. *Meeks* held that insofar as the divorce decree purported to vest in the wife any interest in property to be derived from the estate of her husband's then-living father, it dealt with a mere expectancy or possibility in which the husband had no interest and, as such, was "utterly void and ineffectual to vest in her any interest in property acquired by him in the future. . . ."[4] Where, however, the parties' divorce action was pending when the husband's uncle died, *Baldree v. Baldree*[5] held that the husband's inheritance from his uncle had become an asset, evidence of which was relevant to the wife's alimony claim. Consistent with *Baldree*, *Searcy v. Searcy*[6] recently held that a portion of the husband's interest in the undistributed estates of his deceased parents could be awarded to the wife as alimony. *Searcy* reasoned that although the husband's interest in the undistributed estate of his deceased parents was less than complete ownership, it was a legally protected and assignable interest characterized as a chose in action.

Because Thomas's parents were alive at the time of entry of the divorce decree in this case and remained so, this case resembles *Meeks*. It would appear, however, that the drafter or drafters of the settlement agreement that became Thomas's and Tanya's divorce decree sought to avoid application of *Meeks* by requiring Thomas to transfer a share of any future inheritance after the expectancy had matured rather than by attempting to effectuate the transfer by the decree. But even if this mechanism were effective to distinguish *Meeks*, it fails here because, as correctly found by the trial court, an inheritance is defined as property received from an ancestor under the laws of intestacy or by will at the ancestor's death. Therefore, property Thomas receives through establishment and operation of the family trust would not be an inheritance. As a general rule, it would be considered an "advancement" against Thomas's future inheritance.[7] But since 1998, under Georgia law, the intent to treat a

---

[3] 228 Ga. 607 (187 SE2d 296) (1972).

[4] Id. at 608 (1) (citations omitted).

[5] 251 Ga. 481 (306 SE2d 654) (1983).

[6] 280 Ga. 311, 312 (1) (627 SE2d 572) (2006).

[7] See former OCGA § 53-4-50 (defining an "advancement" as "any provision made by a parent out of his estate, for and accepted by a child, either in money or property, during the

lifetime transfer as an advancement is shown only if a will provides for deduction of the transfer or its value or if the advancement is declared in a writing signed by the transferor within 30 days of making the transfer or acknowledged in a writing signed by the recipient at the time.[8] Here, neither requirement was shown to have been met. Moreover, neither in legal contemplation nor as a matter of common understanding would an advancement be an inheritance as such. For these reasons, Tanya has no right to a share of property transferred by Thomas's parents into the family limited partnership.

2. The trial court did not err in awarding summary judgment to Thomas's parents on Tanya's claim for tortious interference with contractual rights. As recognized by the court, Thomas's parents were not bound by any contractual restrictions and thus had a legal right to give, bequeath, or devise their property to Thomas (or whomever else they chose). "The exercise of an absolute legal right is not and cannot be considered an interference with a contractual . . . relationship."[9]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 9, 2007.

*McCorkle & Johnson, Kenneth P. Johnson*, for appellant.
*Lee, Black, Hart & Rouse, Christopher L. Rouse, Harold J. Cronk*, for appellee.

---

parent's lifetime, over and above the obligation of the parent for maintenance and education").

[8] See OCGA § 53-1-10 (c); *Stewart v. Walters*, 278 Ga. 374 (602 SE2d 642) (2004).

[9] *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 742 (492 SE2d 526) (1997) (citations omitted).