S10F0946. ARMOUR v. HOLCOMBE et al.
(701 SE2d 169)

HINES, Justice.
Phyllis E. Armour ("Armour") held title to real property that was deemed subject to equitable division in the divorce of her son, Christopher M. Holcombe ("Husband"), from Stephanie Crowe Holcombe ("Wife"). Armour appeals,[1] and for the reasons that follow, we reverse.

---

[1] This Court granted Armour's discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright,* 277 Ga. 133 (587 SE2d 600) (2003); *Shah v. Shah,* 270 Ga. 649 (513 SE2d 730) (1999).

Wife and Husband were married in 1978. In 1991 Armour acquired a home and allowed the couple to live there. In 1996, Armour deeded the property to Husband individually, as a gift. Husband refinanced the property with a commercial lender and made sporadic payments on that debt; Armour also made some payments.

In March 2005, facing financial difficulty, Husband transferred the real estate back to Armour by warranty deed. Wife filed for divorce on October 13, 2005. The trial court entered an order and rule nisi providing in part that both Husband and Wife were not to dispose of any of their property. On November 17, 2005, Wife amended her divorce complaint, added Armour as an additional defendant, sought to enjoin Armour from selling the property, and sought to have the deed from Husband to Armour set aside; Wife asserted that the deed to Armour was executed to deprive Wife of her marital interest in the property. On January 17, 2006, the trial court ordered the home to be sold and the proceeds therefrom held in escrow, pending the outcome of the litigation. The home sale resulted in $68,873.58 being placed in escrow.

On the first day of trial, Wife stated to the court that "we're not going to push this fraudulent conveyance issue." No request for jury instructions on the issue was made, none was given, and the issue was not placed before the jury. The court instructed the jury that the proceeds of the sale were a marital asset, and the jury awarded Wife $41,500 from the proceeds.

1. Armour contends that there was no evidence that the property was a marital asset, and that the trial court thus erred in denying her motions for directed verdict, judgment notwithstanding the verdict, and new trial, and also erred in instructing the jury regarding the equitable division of the property. This contention is correct. Wife's assertion that the real property titled in Armour was marital property is unavailing.

> "Only the real and personal property and assets acquired by the parties during marriage is subject to equitable property division. [Cit.]" [Cit.] However, property acquired during the marriage by one spouse by gift, inheritance, bequest or devise remains the separate property of the recipient spouse, and is not subject to equitable division. [Cit.] . . . Should the separate property of one spouse appreciate in value during the marriage solely as a result of market forces, the appreciation is not a marital asset subject to equitable division; however, if the separate property's appreciation in value during the marriage is the result of

efforts of either or both spouses, the appreciation becomes a marital asset subject to equitable division. [Cit.]

*Avera v. Avera*, 268 Ga. 4 (485 SE2d 731) (1997). Although Wife asserts that the real estate appreciated in value due in part to her efforts during the time that it was owned by Husband, at the time of the divorce, the real estate was not "the separate property of one spouse." Id. It is undisputed that Husband had transferred the property to Amour in March 2005, and that deed was recorded on September 27, 2005, before Wife filed for divorce.

This Court has recognized that when one spouse in a divorce action alleges that a property has been fraudulently conveyed to defeat his or her rights, additional parties involved in the alleged fraud may be joined in the action to facilitate a complete resolution of the issues. See *Moore v. Moore*, 281 Ga. 81 (635 SE2d 107) (2006); *DeGarmo v. DeGarmo*, 269 Ga. 480, 481 (2) (499 SE2d 317) (1998); *Horton v. Kitchens*, 259 Ga. 446 (2) (383 SE2d 871) (1989). Such a joinder of a grantee, however, is limited to that purpose. See *Shah v. Shah*, 270 Ga. 649, 650 (1) (513 SE2d 730) (1999). Although Wife's amended complaint asserted what may have been a viable fraudulent conveyance claim, she chose not to pursue that claim, and it played no part in the trial. Nor did Wife seek to establish that Husband received proceeds from his transfer of the home[2] which might have become marital property. See *Thomas v. Thomas*, 259 Ga. 73, 75 (377 SE2d 666) (1989). At trial, Wife merely asserted that she had made contributions to what was once Husband's separate property, and that she should be awarded some portion of the value of that property, even though title to that property was transferred to the hands of a third party before Wife even filed her complaint for divorce.

Wife cites no case law in which this Court has recognized a right to pursue the equitable division of property titled in a person other than one of the spouses, without title to that property first being brought into the estate of one of the divorcing parties by the determination that a fraudulent conveyance has occurred. Nor should authority for such a ruling be anticipated. The law of contracts and titles is respected in divorce cases. See *White v. White*, 253 Ga. 267, 269 (319 SE2d 447) (1984). It would be highly disruptive to the transfer and ownership of property to allow a divorcing spouse to claim that property held by a third party is subject to equitable division in the divorce action based merely upon that spouse's actions regarding the property during its prior ownership by the other spouse.

---

[2] Husband testified that he "gifted" the house back to Armour.

Wife contends that the three parties agreed to present the issue of the division of the home sale proceeds to the jury. But, the only document in the record of this case which she references is the trial court's temporary order that the home be sold and the proceeds put in escrow, which was issued while the fraudulent conveyance claim was still pending. The order recites that the parties agreed to "certain matters on a temporary basis,"[3] and provided that the property would be sold with the proceeds held in escrow "pending adjudication of the interests of the parties hereto . . . ." The order in no way purports to adjudicate any issue regarding a fraudulent conveyance to Armour, nor does it show an abandonment of her claim that the real estate was nonmarital property that should remain titled in her name.[4]

A divorcing spouse who believes that property transferred away from the other spouse is still subject to equitable division can seek recourse. See, e.g., *Moore*, supra; *Thomas*, supra. But, it is incumbent upon such a spouse to pursue those avenues. Wife chose to abandon the avenue that she had initiated, and consequently there was no basis for her claim upon Armour's property in this divorce action.

2. In light of this Court's resolution of Division 1, supra, Armour's remaining enumerations of error are moot.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 2010.

*Raiford & Dixon, Tyler C. Dixon*, for appellant.
*Nicholas E. Bakatsas, Donald R. Donovan*, for appellees.

---

[3] During argument on the motion for directed verdict, counsel for Armour asserted that all of the parties believed that sale of the property and reducing its value to cash was more desirable than "fight[ing] over property that had a mortgage on it . . . ."

[4] In her counterclaim and answer to the fraudulent conveyance claim, as amended, Armour pled that, should the property be deemed a marital asset, she should be awarded an equitable lien on the property reflecting her investment therein.