## S11F1840. SEIZ JOINT VENTURE, LLC v. SEIZ.
### (723 SE2d 672)

MELTON, Justice.

Elizabeth Ann Seiz (Wife) and Thomas Seiz (Husband) were married on May 22, 1981, and divorced pursuant to a December 16, 2010 Final Decree. During the pending divorce proceedings, Wife added Husband's company, Seiz Joint Venture, LLC (SJV), as a party to the proceedings. In its Final Decree, the trial court awarded Wife half of Husband's one-third ownership interest in SJV as a marital asset. SJV filed an application to appeal, which this Court granted pursuant to the now-expired Pilot Project, by which this Court granted all non-frivolous applications for discretionary review from a final judgment and decree of divorce.[1] For the reasons that follow, we affirm.

The record reveals that, on January 1, 1988, Husband and his two brothers formed a general partnership called Seiz Joint Venture #1. Wife filed her divorce action in the Superior Court of Polk County on June 14, 2007. Pursuant to a Standing Order for the Tallapoosa Judicial Circuit, which includes the Superior Court of Polk County, "[all] parties in each divorce or domestic relations case" are "enjoined and restrained from selling, encumbering, contracting to sell, or otherwise disposing of . . . any of the property belonging to the parties," unless such a transaction is conducted in the "ordinary course of business." On February 1, 2008, Husband and his brothers formed SJV, a company in which Husband held a one-third interest,

---

[1] The Pilot Project expired on June 30, 2011, and, effective July 1, 2011, was replaced by Supreme Court Rule 34 (4), by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit.

and in which his two brothers held the remaining two-thirds interest. On February 7, 2008, Seiz Joint Venture #1 transferred to SJV certain real property in Cobb County valued between $3.2 and $4.6 million. On March 3, 2008, Wife filed a motion for contempt and a motion to add SJV as a party to the pending divorce proceedings. On January 14, 2010, the trial court entered an order finding that SJV should be added to the proceedings, "not [as] an indispensable party, but [as] a party needed for a full and complete adjudication." After trial, the trial court entered a Final Decree finding that Husband's interest in Seiz Joint Venture #1 was marital property, and that, therefore, Husband's interest in SJV was "a marital asset subject to equitable division." In this regard, the trial court further ordered that

> [Husband] shall immediately transfer to [Wife] one-half (1/2) of his ownership interest in and to Seiz Joint Venture, #1, the general partnership. [Husband] shall immediately transfer to [Wife] one-half (1/2) of his ownership in and to [SJV] . . . . [SJV] shall cooperate in the immediate transfer of this 1/6 ownership interest to [Wife] and shall execute such documents as shall be reasonable and necessary to effectuate this transfer. [SJV] shall make distributions directly to [Wife] as one sixth (1/6) owner.

1. SJV contends that the trial court erred by allowing Wife to add it as a party to the divorce proceedings. However, here, there is evidence to support the trial court's conclusion that, after Wife filed for divorce, Husband violated the Standing Order for the Tallapoosa Judicial Circuit by transferring the Cobb County property from Seiz Joint Venture #1 to SJV.[2] Based on this transfer of property that was properly the subject of the divorce proceedings, the trial court was authorized to add SJV as a party in order to ensure that Wife might be afforded complete relief in the case. See, e.g., *Degarmo v. Degarmo*, 269 Ga. 480, 481 (2) (499 SE2d 317) (1998) (where there was some evidence in divorce case to support the conclusion that Husband and business partner fraudulently caused all stock in corporation to be issued in their name to the exclusion of Wife, trial court properly added corporation and business partner as parties to divorce action "in order that complete relief might be afforded among those who [were] already parties") (citation and punctuation

---

[2] Indeed, Husband has not challenged on appeal the trial court's ruling that he acted in willful contempt of the Standing Order by transferring the property from Seiz Joint Venture #1 to SJV.

omitted).[3] See also OCGA § 9-11-19 (a) (1).

2. SJV argues that, through its Final Decree awarding Wife a one-sixth ownership interest in the company, the trial court improperly re-wrote SJV's Operating Agreement and illegally required SJV's current members to admit Wife as a full voting member of SJV. SJV is incorrect.

There is nothing in the trial court's Final Decree indicating that Wife was required to become a voting member of SJV. The trial court merely awarded Wife one half of Husband's interest in SJV as a marital asset, and required that SJV "make *distributions* directly to [Wife] as one sixth (1/6) owner." (Emphasis supplied.) December 16, 2010 Final Decree at 12. It was left up to the members of SJV to "execute such documents as shall be reasonable and necessary to effectuate this transfer" of a one-sixth interest in the company to Wife that would provide her with these direct financial distributions from the company. Id. SJV was not required to make Wife a voting member of the company in order to facilitate her receipt of company distributions. SJV's attempt to read the trial court's order to indicate otherwise is unavailing.

*Judgment affirmed. Hunstein, C. J., Carley, P. J., Benham, Hines and Nahmias, JJ., and Judge C. LaTain Kell concur. Thompson, J., not participating.*

DECIDED MARCH 19, 2012.

*Cohen, Pollock, Merlin, Axelrod & Small, Kevin T. O'Sullivan,* for appellant.
*Brinson, Askew, Berry, Seigler, Richardson & Davis, I. Stewart Duggan, Frank H. Jones, John M. Hawkins,* for appellee.

---

[3] For this same reason, SJV's claims that it was entitled to summary judgment or to be dismissed from the proceedings because Wife could not prove that it engaged in a "fraudulent conveyance" are also without merit. Wife placed SJV on notice of her claims through her amended complaint, and there is at least some evidence to support the conclusion that Husband and SJV may have engaged in "a fraudulent conveyance of property to defeat [Wife's] rights." *Degarmo,* supra, 269 Ga. at 481 (2). Accordingly, the trial court properly denied SJV's dispositive motions. See id.